Filed 8/28/23; Certified for Publication 9/25/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B323408 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A389396) |
| v. | |
| JAMES HARRIS FISHER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly Torrealba, Judge. Affirmed as modified.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

James Harris Fisher appeals the trial court's order summarily denying his petition for vacatur of two convictions of murder and one conviction of attempted murder, and resentencing under Penal Code section 1172.6.[1]

On appeal, Fisher contends that the trial court's denial of his petition without issuing an order to show cause or holding an evidentiary hearing violated section 1172.6 and his state and federal constitutional rights to due process.

As modified, we affirm the trial court's order.

## FACTS AND PROCEEDURAL HISTORY

On May 12, 1983, the Los Angeles County District Attorney's Office filed an information charging Fisher with the first degree murder of Richard Edward Harrison (§ 187, count 1), the second degree murder of Jerrie Ann Dabney (§ 187, count 2), the attempted murder of Debra Thomas (§§ 664 & 187, count 3), the attempted murder of Romona Edwin Dilworth (§§ 664 & 187, count 4), and burglary (§ 459, count 5).  The information included special circumstance allegations that Fisher committed more than one murder (§ 190.2, subd. (a)(3)), and that the murders were committed while Fisher was engaged in a burglary (§ 190.2, subd. (a)(17)).  The information also alleged as to each count that Fisher personally used a firearm (§ 12022.5).

On October 13, 1983, Fisher pleaded guilty to first degree murder in count 1, second degree murder in count 2, and attempted murder in count 3.  He admitted the truth of the

_____

[1] All further statutory references are to the Penal Code.

personal firearm use enhancements in each count.  Counts 4 and 5 and the special circumstance allegations were dismissed pursuant to the plea.

At the plea colloquy, the prosecutor addressed Fisher:

"[Prosecutor]:  Let me tell you basically what the charges are in this case.

"On March 31, 1983, it's alleged that you entered an apartment at 910-1/2 West 94th Street, and that during that evening, events took place where you eventually shot and killed Richard Harrison, a gentleman named in Count I, and that you shot and killed a lady by the name of Dabney in Count II, and that you shot and injured a lady by the name of Deborah Thomas, the lady in Count III.

"You understand the nature of the charges against you, sir?

"The Defendant:  Yes, sir.

"[Prosecutor]:  Is that a little summary of the facts that I just gave that basically happened that night?

"The Defendant:  Yes, sir.

"[Defense Counsel]:  We will stipulate, counsel, that the Court may read and consider the preliminary hearing transcript as a factual basis for the plea.

"[Prosecutor]:  Will counsel also stipulate to a factual basis for the plea?

"[Defense Counsel]:  Yes.

"[Prosecutor]:  The People will also stipulate."

The trial court sentenced Fisher to 25 years to life in count 1, plus two years for the firearm enhancement.  In count 2, the court imposed a sentence of 15 years to life, plus two years for the firearm enhancement, to run concurrently with count 1.  In count 3, the court imposed a term of seven years for the

3

attempted murder and two years for the firearm enhancement, also to run concurrently to the sentence in count 1.

On February 1, 2021, Fisher executed a petition for resentencing pursuant to section 1172.6.[2]

On June 17, 2021, the trial court held a hearing on the matter. Appointed counsel stated that he had reviewed the documents relating to the case and stated that he would "submit at this point on the informal response filed by the People."[3] The court informed the parties that it intended to deny the petition because it appeared that Fisher was the actual shooter and not eligible for relief. The court stated that it would issue a written order.

On June 21, 2022, the trial court summarily denied Fisher's petition in a written memorandum of decision. The court stated that it had read and considered Fisher's plea transcript, dated October 13, 1983; the sentencing transcript dated December 2, 1983; the probation report dated November 29, 1983, and the arguments of counsel.[4]

---

[2] We granted Fisher's request to augment the record to include his section 1172.6 petition. The petition indicates that Fisher executed it on February 1, 2021; however, it does not have a file stamp from the Los Angeles Superior Court. We permitted the People to seek reconsideration of our order if the People believed the original of the attached petition was not filed. We have had no such request from the People.

[3] The People's response is not included in the record on appeal.

[4] The trial court did not indicate that it had reviewed the preliminary hearing transcript that formed the factual basis for

4

The court found: "Petitioner was the sole defendant and actual shooter in this matter, acting with specific intent required for a conviction pursuant to Penal Code sections 187(a) and 664-187(a) and personally discharging a firearm causing death and great bodily injury. Therefore, petitioner/defendant is ineligible for resentencing pursuant to Penal Code [s]ection 1170.95."[5]

Fisher appealed.

---

Fisher's guilty plea, and the transcript is not included in the record on appeal.

[5] Although the caption of the trial court's memorandum of decision, dated June 21, 2022, identifies Fisher as the defendant and petitioner, the body of the decision inaccurately reflects that the petitioner is "Dwight McDowell." Additionally, the memorandum of decision reflects Fisher's convictions for the first degree murder of Richard Harrison and the attempted murder of Deborah Thomas, but does not reflect Fisher's conviction for the second degree murder of Jerrie Ann Dabney. The same errors are present in the minute order dated June 21, 2022. On July 21, 2023, we informed the parties of these inaccuracies by letter and invited them to file letter briefs on the issue if they deemed it necessary. Fisher declined to file briefing. The People filed a letter brief asserting that the inaccuracies we identified are clerical errors that must be corrected. We agree with the People and order that the minute order and order be modified accordingly.

5

# DISCUSSION

## *Legal Principles*

"[U]ntil recently, when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 845.) Under the natural and probable consequences doctrine, "an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*Id*. at p. 843.) In the case of a homicide, then, "[s]o long as the direct perpetrator possessed malice, and the killing was a natural and probable consequence of the crime the defendant aided and abetted," the defendant was culpable for murder regardless of "whether the defendant intended to kill or acted with conscious disregard for human life." (*Id*. at p. 845.) Additionally, liability for murder could be imposed under the felony murder rule even if the defendant did not act with express or implied malice if the killing occurred during the commission of certain offenses. The felony-murder rule provided that " '[a]ll murder . . . which is *committed in the perpetration of,* or attempt to perpetrate, [an enumerated crime] . . . is murder of the first degree.' " (*People v. Wilkins* (2013) 56 Cal.4th 333, 340.)

"Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) amended section 188[, which sets forth the malice requirements for murder,] to provide that '[e]xcept as stated in

6

subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime.'  (Stats. 2018, ch. 1015, § 2.)  The amendment effectively 'eliminates natural and probable consequences liability for first and second degree murder.' "  (*People v. Garrison* (2021) 73 Cal.App.5th 735, 742.)  With respect to felony murder, section 189, subdivision (e) now provides:  "A participant in the perpetration or attempted perpetration of a[n] [enumerated] felony . . . in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1)  The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill No. 1437 also enacted former section 1170.95 (now § 1172.6), which provides a procedure by which a person convicted of murder under a theory invalidated under Senate Bill No. 1437 may petition to vacate the conviction.  (*People v. Gentile*, *supra*, 10 Cal.5th at p. 843; former § 1170.95, subd. (a).)  Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775) amended former section 1170.95 effective January 1, 2022 to expand its reach to defendants convicted of attempted murder and manslaughter.  (former § 1170.95, subd. (a); Stats. 2021, ch.  551, § 2.)  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes in text.  (Stats. 2022, ch. 58, § 10.)

7

Upon receipt of a complying petition under section 1172.6, the trial court must appoint counsel, allow briefing, and then determine if the petitioner has made a prima facie showing that, inter alia, "[t]he petitioner could not presently be convicted of murder or attempted murder" under the amendments to the Penal Code enacted under Senate Bill No. 1437.  (§ 1172.6, subd. (a)(3).)  In making the prima facie determination, the trial court must " ' "take[ ] [the] petitioner's factual allegations as true and make[ ] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' "  (*Ibid*.)  The court may rely on the record of conviction in making the prima facie determination, however, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Ibid*.)

*Analysis*

In the opening brief, Fisher contends that he satisfied the statutory criteria to make a prima facie showing of eligibility for resentencing.  He argues that because he entered into a plea agreement no jury or court has made findings regarding his role in the crimes.  Additionally, his plea contained no admissions regarding his *mens rea*.  Fisher asserts that the trial court's ruling was based on premature fact-finding and overly broad

8

conclusions regarding what he admitted to as part of his plea. We reject the contention.

There is no merit to Fisher's argument that the trial court engaged in premature fact-finding. The trial court reviewed and relied upon the plea colloquy, which is part of the record of conviction. The trial court may make a credibility determination adverse to Fisher on this basis. (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 971 [court may deny petition at prima facie stage based on record of conviction].)

At the plea colloquy, Fisher, who was the only person charged with the crimes of which he was convicted, admitted that, on March 31, 1983, he entered an apartment, shot and killed the victims in counts 1 and 2, and shot and injured the victim in count 3. We disagree with Fisher that the substance of this admission is unclear. The prosecutor stated that he was going to summarize the charges, told Fisher he was charged with shooting and killing two people and shooting and injuring a third person, and then asked if Fisher agreed with that summary. Fisher stated that he did. The exchange was not ambiguous.

We also reject Fisher's assertion that he only admitted that he was *guilty* of murder and attempted murder, which did not require that he harbor malice at that time. Fisher asserts that he did not admit that he *actually* killed the victims in counts 1 and 2 and attempted to kill the victim in count 3. Fisher avers that he could stipulate to a factual basis for the plea without making an admission. He argues that because it was not necessary for him to admit to being the actual killer/attempted murderer to admit guilt, he had no reason to contest the prosecutor's summary of events because it would have no impact on his plea agreement. This explanation is simply not

9

reasonable.  Regardless of whether Fisher was required to admit to being the actual killer/attempted murderer, or could stipulate to particular facts without admitting them, the only reasonable view of the record here is that Fisher *did* admit that he was the actual killer/attempted murderer.  Although there may be details that a defendant would not contest because they are not relevant to a plea agreement, that the defendant shot and killed two people and shot and injured a third person is not a detail that people blithely admit simply because the admissions will have no immediate consequences.  Given that Fisher was not required to admit to being an actual killer/attempted murderer, we see no reason that he would make the admission if he did not believe it to be true.

Fisher's argument that he did not specifically admit to a particular *mens rea* has no teeth.  Because he admitted he was the direct perpetrator of the crimes, Fisher could not have been convicted under the natural and probable consequences doctrine, so malice could not have been imputed to him under that theory.  Although Fisher could have been convicted under a felony murder theory of murder, malice is still not a required element for actual killers under the exception in section 189, subdivision (e)(1).

The cases upon which Fisher relies are distinguishable.  In *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 (*Rivera*), the Court of Appeal held that the defendant could not be found prima facie ineligible under former section 1170.95 as a matter of law based on the allegation in the indictment that "a murder was committed " ' "*willfully, unlawfully*[,] *and with malice aforethought*" ' " because this was "a well-recognized way of charging murder in this generic sense."  The appellate court

10

explained that the language of the indictment did not limit the prosecution to seeking a conviction under any particular theory of murder, including the now-invalid theories of natural and probable consequences and felony murder.  (*Ibid*.)  In the instant case, Fisher's ineligibility was not based on generic language in the indictment; it was based on his express admissions at the plea colloquy.  *Rivera* is inapposite.

*People v. Eynon* (2021) 68 Cal.App.5th 967 (*Eynon*) presented a similar issue.  There, the information generically alleged that the defendant and his codefendant " 'did willfully, unlawfully, and with deliberation, premeditation, and malice aforethought [murder the victim].' " (*Id*. at p. 971.)  The *Eynon* court emphasized that although the defendant admitted that he was *guilty of* premeditated and deliberate murder on an unspecified theory, he did not state that he *acted with* premeditation and deliberation, or had the intent to kill, and made no factual admissions that would render him ineligible for relief.  (*Id*. at p. 979.)  Because Eynon made no specific admission at the plea colloquy, the appellate court held that he was prima facie eligible for relief under former section 1170.95.[6]  (*Ibid*.)  Fisher, who was the sole defendant, did not merely plead guilty to murder and attempted murder:  he expressly admitted to shooting and killing two people, and shooting and injuring a third person.

In *People v. Davenport* (2021) 71 Cal.App.5th 476, 484, the defendant was charged with committing murder " 'with malice aforethought,' " and pleaded no contest to second degree murder

---

[6] *People v. Flores* (2022) 76 Cal.App.5th 974 presented the same issue and the court reached the same conclusion.

11

and personal use of a firearm under section 12022.5, subdivision (a). The *Davenport* court concluded that the charge was generic and did not limit the prosecution's theory of liability. (*Ibid*.) Additionally, the court concluded that the defendant's admission to the firearm allegation did not preclude the possibility that he was tried under a felony murder theory of murder. (*Id*. at p. 485.) The court held that the defendant was not prima facie ineligible for relief under former section 1170.95 and reversed the trial court's order. (*Ibid*.) In this case, we need not reach the question of whether Fisher's admission to firearm enhancements would render him prima facie ineligible for relief in light of our holding that his express admissions do. Because he specifically admitted to shooting and killing two people and shooting and injuring a third person, he is ineligible for relief as a matter of law.[7]

---

[7] Fisher also argues that the trial court's denial of the petition without issuing an order to show cause or holding an evidentiary hearing violated his due process rights. Given our conclusion that Fisher is ineligible for relief as a matter of law, the argument necessarily fails.

## DISPOSITION

We order that the trial court's memorandum of decision and minute order, dated June 21, 2022, be modified to reflect that Fisher, and not Dwight McDowell, is the petitioner in this matter, and to include Fisher's conviction for the second degree murder of Jerrie Ann Dabney.  As modified, we affirm the trial court's order denying Fisher's petition for resentencing under Penal Code section 1172.6.


MOOR, J.

We concur:


RUBIN, P. J.


KIM, J.

13

Filed 9/25/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B323408 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A389396) |
| v. | |
| JAMES HARRIS FISHER, | **ORDER** |
| Defendant and Appellant. | |

THE COURT:

The opinion in the above-entitled matter filed on August 28, 2023, was not certified for publication in the Official Reports.

Respondent representing the Office of the Attorney General, Rob Bonta and Susan Sullivan Pithey, Senior Assistant Attorney General, have requested that our opinion in the above-entitled matter, filed August 28, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).

The opinion is ordered published in the Official Reports with no change in judgment.

_____
RUBIN, P. J.             MOOR, J.             KIM, J.

1